UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTON LABARON YOUNG,

        Petitioner,

v.                                CASE NO. 2:19-CV-13048
                                  HONORABLE GERSHWIN A. DRAIN

SHANE JACKSON,

        Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

     Michigan prisoner Juston LaBaron Young ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner pleaded guilty to two counts of armed robbery, Mich. Comp. Laws § 750.529, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, in the Wayne County Circuit Court and was sentenced to concurrent terms of nine to 25 years imprisonment on the armed robbery convictions and a consecutive term of two years imprisonment on the felony firearm conviction in 2011. In his habeas petition, he raises claims concerning the effectiveness of counsel, the state court's jurisdiction, the validity of the criminal complaint, and his due process rights. Petitioner has previously filed a habeas petition in federal court challenging the same convictions. For the following reasons, the Court concludes that it must transfer this case to the United States Court of Appeals for the Sixth Circuit.

1

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Petitioner has previously filed a federal habeas petition challenging the same state court convictions at issue in the instant petition, which was denied on the merits and dismissed with prejudice. *See Young v. Jackson*, No. 2:17-CV-12008 (E.D. Mich. Sept. 29, 2017) (summarily dismissing habeas petition for lack of merit, despite the failure to exhaust state remedies and possible untimeliness). Petitioner has neither sought nor obtained appellate authorization to file a second or successive habeas petition as required by 28 U.S.C. § 2244(b)(3)(A).

Accordingly,

The Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631[1] and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or

---

[1] 28 U.S.C. § 1631 provides in pertinent part that:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

                                                                           R. Steven Whalen
                                                                           R. STEVEN WHALEN
                                                                           UNITED STATES MAGISTRATE JUDGE

Dated: October 22, 2019